**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| **ACCELERANT SPECIALTY** | § | |
| **INSURANCE COMPANY,** | § | |
| | § | |
| *Plaintiff*, | § | **C.A. No. 2:23-cv-00070** |
| | § | **Rule 9(h) Admiralty** |
| **V.** | § | |
| | § | |
| **2015 PLATINUM TRUST** | § | |
| **A/K/A FRED WRIGHT** | § | |
| *Defendant.* | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**
**AND REQUEST FOR DECLARATORY JUDGMENT**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiff, Accelerant Specialty Insurance Company (herein referred to as "Accelerant" or "Plaintiff"), and files this Original Complaint and Request for Declaratory Judgment, pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §2201*, et seq*., and pursuant to Rule 57 of the Federal Rules of Civil Procedure, and would respectfully show the following:

**I.**

**PARTIES**

1.      Plaintiff Accelerant Specialty Insurance Company is a domestic business corporation or other business entity domiciled in the State of Arkansas and maintaining a principal place of business at 400 Northridge Road, Suite 800, Sandy Springs, GA 30350.

2.      Defendant 2015 Platinum Trust A/K/A Fred Wright is an individual residing in the State of Texas who may be served with process at 704 North Street, Port Aransas Texas 78373, or wherever he may be found.

1

## II.

## JURISDICTION AND VENUE

3.     This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure, as this matter involves a dispute relative to a marine insurance contract.  Additionally, this complaint for declaratory relief is brought in accordance with 28 U.S.C. § 2201 *et seq*. under the heading of Title 151 entitled "Declaratory Judgment," and pursuant to Rule 57 of the Federal Rules of Civil Procedure.

4.     Venue of this matter is proper in this Court due to the fact that the Defendant is subject to personal jurisdiction in this district.  Venue is also proper in this district pursuant to the forum clause in the marine insurance contract between the parties, the Policy, as the location where Defendant resides.

## III.

## FACTUAL BACKGROUND

5.     Plaintiff, Accelerant, issued marine insurance yacht Policy No. CSRYP/217535 to the named Assured, Defendant 2015 Platinum Trust a/k/a Fred Wright (herein referred to as "Wright" or "Defendant") providing coverage to the Scheduled vessel, *Fish N Buddy*, a 1992 61' Buddy Davis, with hull identification number DYW61133E292 (the "Policy").  The Policy was issued to Defendant with an effective period of September 16, 2022 to September 16, 2023, and a Hurricane Plan providing that the *Fish N Buddy* would be located in Port Aransas, Texas between July 1 and November 1, 2022.  The Policy was issued by Plaintiff based on information and representations made by Defendant, including in the application for insurance process and letter of compliance on survey recommendations.

6.      Prior to the issuance of the Policy, on August 23-24, 2022, a pre-purchase survey was performed for the vessel which found, in part, that the smoke and carbon monoxide alarms were expired, the fixed fire suppression system inspection tags were expired, and that all but one of the hand-held fire extinguishers were beyond their 12-year service life, empty, or under recall. Accordingly, pre-insurance survey noted several recommendations, including to repair/replace these fire extinguishers.

7.      On September 16, 2022, and as part of the insurance application, a Hurricane Plan was completed that stated the vessel will be located at 750 Channelview Dr., Port Aransas, Texas 28373 between July 1, 2022 through November 1, 2022.

8.      Also on September 16, 2022, prior to the issuance of the Policy, Defendant signed a Letter of Survey Recommendations Compliance affirming that all the repair recommendations in the pre-insurance survey had been made and specifically certifying that all work pursuant to the pre-insurance survey would be completed by October 15, 2022.  The Survey Compliance Letter further notes above Defendant's signature: "WARNING: Any misrepresentation in this letter of compliance may render insurance coverage null and void from inception."

9.      The Policy specifically warrants that all survey recommendations are completed prior to any loss giving rise to a claim hereunder.  Policy ¶ 9 (xviii).

10.     The Policy further provides that "this contract is null and void in the event of non-disclosure or misrepresentation of a fact or circumstance material to our acceptance or continuance of this insurance" and "[w]here any term herein is referred to as a 'warranty' or where any reference is made herein to the word 'warranted', the terms shall be deemed a warranty and regardless of whether the same expressly provides that any breach will void this insuring

agreement from inception, it is hereby agreed that any such breach will void this policy from inception." Policy ¶ 9 (xiii) and (xx).

11.     On or about September 28, 2022, the vessel *Fish N Buddy* suffered damages as a result of Hurricane Ian.  At the time of the loss, the vessel was located at the Gulf Marine Yachtworks yard in Fort Myers, Florida.

12.     On or about September 30, 2022, insurers were notified of a potential claim relating to the incident and vessel loss.

13.     Promptly after receiving the claim notification, Plaintiff initiated the claims handling process, investigation, and obtained a post-incident survey.  Ultimately, Plaintiff's investigation and post-loss survey(s) revealed that Defendant (1) failed to maintain the fire extinguishers in the conditions warranted to in the Policy (2) failed to complete or schedule repairs pursuant to the recommendations of the pre-insurance survey and as represented in the survey compliance letter; (3) failed to keep the vessel at the location warranted to in the Hurricane Questionnaire/Plan; and (4) failed to keep the vessel in a seaworthy condition.  These findings and actions/omissions of the Defendant are in direct breach of the insurance Policy's express warranties, terms, and conditions precedent to coverage.

14.     On or about October 12, 2022, an initial Reservation of Rights was sent on behalf of Plaintiff advising Defendant that while investigation into the claim was still ongoing, it appeared that Defendant had breached the Hurricane Plan warranty, as well as potential other breaches and misrepresentations.

15.     On or about March 9, 2023, a supplemental Reservation of Rights and Declination of Coverage was sent on behalf of Plaintiff advising Defendant of the breaches of the Policy's

conditions, warranties, express warranties, terms, and conditions precedent, as well as the additional exclusions to coverage, resulting in the voiding of the Policy, and denying coverage.

16.    The Defendant's actions, omissions, misrepresentations, and breaches are in direct violation of the terms, conditions, warranties, and obligations under the Policy.

## IV.

## APPLICABLE POLICY PROVISIONS

The Policy contains, in part, the following relevant terms, conditions, obligations and warranties:

### COMMERCIAL YACHT INSURING AGREEMENT

### SECTION I. DEFINITIONS

iv.    'Scheduled Vessel' means the vessel described on the declaration page, including machinery, electrical equipment, sails, masts, spars, rigging, and all other equipment normally required for the operation and maintenance of the vessel and situate on the Scheduled Vessel, which would normally be sold with the vessel. This does not include spare parts of the Scheduled Vessel, the Scheduled Vessel's life raft, tender or dinghy, unless the same has been declared on the declaration page, nor does it include any items being stored on premises other than onboard the Scheduled Vessel.

xi.    'Seaworthy' means fit for the Scheduled Vessel's intended purpose. Seaworthiness applies not only to the physical condition of the hull, but to all its parts, equipment and gear and includes the responsibility of assigning an adequate crew. For the Scheduled Vessel to be seaworthy, it and its crew must be reasonably proper and suitable for its intended use.

xv.    'Named Windstorm' damage is damage relating to or resulting from a named or any numbered tropical weather pattern from the time the named windstorm or numbered tropical weather pattern impacts the area and until 72 hours later.

The area of the named windstorm or tropical weather pattern is an area encompassed by a circle of radius not exceeding 150 nautical miles from the path of the storm's forward travel.

**SECTION 2.  INSURING AGREEMENT**

This is a legally binding insurance contract between you and us, incorporating in full the application form signed by you.  We will provide the insurance coverage described in this insuring agreement, in return for payment to us of the premium due and compliance by covered persons with the provisions, conditions and warranties of this insuring agreement.

### 3.  Coverage A, Hull, Machinery, Equipment and Dinghy

If a sum insured is shown for Section A of the insuring agreement declaration page, we provide coverage for accidental physical loss of, or accidental physical damage to the Scheduled Vessel which occurs during the period of this insuring agreement and within the limits set out in the insuring agreement declarations page, subject to the insuring agreement provisions, conditions, warranties, deductibles and exclusions.

Loss or damage to the Scheduled Vessel arising from a named or numbered Windstorm shall be subject to a Deductible which shall apply to all claims, including actual and/or Constructive or Compromised Total Loss of the Scheduled Vessel, as shown on the Declaration Page under Section A and equal to double the Deductible as shown on the Declaration Page under Section F of the Insuring Agreement.

### Exclusions to Coverage A

Unless specifically agreed by us in writing and additional premium charged the following losses and/or damages (whether incurred directly or indirectly) are not covered by this insuring agreement.

ii.     Losses due to wear and tear, gradual deterioration, lack of maintenance, inherent vice, weathering, insects, mould, animal and marine life.

…

xi.     Losses caused by delay in repairs and/or loss of use and/or enjoyment of the Scheduled Vessel and/or its equipment.

xii.    Loss and/or damage to sails, sail covers, external canvases, including but not limited to Bimini Tops, arising from a named or numbered Windstorm unless properly removed and stowed.

xiii.   Any loss of value of the Scheduled Vessel and/or its equipment as a result of repairs and/or replacements being effected as a result of any claim hereunder.

6

xiv.    Damage existing prior to the inception date of this insuring agreement, whether you are aware of the same or otherwise.

## 9.  General Conditions & Warranties

ii.    It is warranted that the Scheduled Vessel is seaworthy at all times during the duration of this insuring agreement.  Breach of this warranty will void this insuring agreement from its inception.

iii.    This insuring agreement incorporates in full your application for insurance and together with any endorsements issued herein, constitutes the entire contract between us.  At your request, various provisions of this insuring agreement may be varied by us but only by our prior written agreement.

*****

xi. If the Scheduled Vessel is fitted with fire extinguishing equipment, then it is warranted that:

   a.  All fire extinguishing equipment is properly installed and is maintained in good working order.
   b.  All fire extinguishing equipment is tagged and certified annually or in accordance with the manufacturer's recommendations, whichever is more frequent.
   c.  The tanks of such equipment are weighed annually or in accordance with the manufacturer's recommendations, whichever is more frequent.
   d.  The tanks are recharged as necessary.

For purposes of complying with this warranty, all installation, maintenance, certification, tagging, weighing and recharging must be conducted by a duly licensed and qualified individual whose principal business is the installation, maintenance, certification, tagging, weighing, and recharging of such systems. Such individual may not be the insured, a Covered Person or any named operator, unless expressly approved by us in writing.

*****

xiii.    This contract is null and void in the event of non-disclosure or misrepresentation of a fact or circumstance material to our acceptance of continuance of this insurance.  No action or inaction by us shall be deemed a waiver of this provision.

*****

xviii.   Unless we agree in writing to the contrary, if we request a survey of the Scheduled Vessel then it is warranted that such survey is in existence prior to the effective date of this insurance and a copy of the same must be received by us within 30 days of the effective date of this agreement.   If the survey makes any recommendations with respect to the Scheduled Vessel, then it is warranted that all such recommendations are completed prior to any loss giving rise to any claim hereunder, by skilled workmen using fit and proper material and that either:

     a.     The surveyor who carried out the survey certifies in writing that all recommendations have been completed to his (the surveyor's) satisfaction prior to any loss and/or claim.

     Or,

     b.     The professionals/repair yard carried out the said work and/or recommendations certifies in writing that all recommendations have been completed prior to any loss and/or claim. Failure to comply with this warranty will void this agreement from inception.

\*\*\*\*\*

xx.   Where the term herein is referred to as a 'warranty' or where any reference is made herein to the word "warranted', the term shall be deemed a warranty and regardless of whether the same expressly provides that any breach will void this insuring agreement from inception, it is hereby agreed that any such breach will void this policy from inception.

**11.  Service of Suit, Choice of Law and Forum**

It is hereby agreed that any dispute arising hereunder shall be adjudicated according to well established, entrenched principles and precedents of substantive United States Federal Admiralty law and practice but where no such well established, entrenched precedent exists, the insuring agreement is subject to the substantive laws of the State of New York.

**V.**

**<u>BASIS FOR DECLARATORY JUDGMENT</u>**

17.    The allegations contained in paragraphs 1 through 16 and Section IV, inclusive, are incorporated by reference as if set forth verbatim.

18.     Accelerant has no obligation to provide coverage, indemnify, or reimburse Defendant for the losses or claims arising out of any of the September 28, 2022 loss involving the Defendant's vessel *Fish N Buddy,* as there is no coverage under the Policy based on the breach of express warranties and conditions regarding the fire extinguishers, Hurricane Plan, and survey compliance.

19.     Defendant's actions, omissions, representations, and breaches are in violation of the Policy's terms, conditions, warranties, and provisions and preclude any coverage for the claimed loss under the insuring agreement or otherwise.

## VI.

## **PRAYER**

WHEREFORE, PREMISES CONSIDERED, Plaintiff, Accelerant Specialty Insurance Company prays for judgment:

(a) declaring that the Defendant breached an express warranty under the Policy by failing to properly maintain the fire extinguishers;

(b) declaring that the Defendant breached an express warranty under the Policy by failing to comply with the survey recommendations prior to the loss;

(c) declaring that the Defendant breached the warranty under the Policy by failing to comply with the Hurricane Plan in the Policy;

(d) declaring that the Defendant breached an express warranty under the Policy though misrepresentations made in the insurance application and Letter of Survey Compliance;

(e) declaring that the Defendant breached the terms, conditions, warranties, and provisions in the Policy precluding any coverage for the subject losses claimed to the *Fish N Buddy*;

(f)  declaring that Plaintiff owes nothing to Defendant under the Policy for the damages claimed based on the specific terms and exclusions in the Policy;

(g)  declaring that Plaintiff does not owe coverage, indemnity or reimbursement to Defendant under the Policy or otherwise for any claim or loss related to the damages to the *Fish N Buddy* allegedly occurring as a result of the September 28, 2022 incident;

(h)  for all costs of court; and

(i)  for all further relief to which Plaintiff may show itself entitled either at law or in equity.

Respectfully submitted,

**KEAN MILLER LLP**

*/s/Timothy W. Strickland*
TIMOTHY W. STRICKLAND
Texas Bar No. 19396298
S.D. No.13820
STACEY T. NORSTRUD
Texas Bar No. 24025363
S.D. No. 32013
FARNAZ ALMS
Texas Bar No. 24110625
S.D. No. 3328488
711 Louisiana Street, Ste. 1800 South Tower
Houston, Texas 77002
Telephone: 713-844-3031
Facsimile: 713-844-3030

***ATTORNEYS FOR PLAINTIFF,
ACCELERANT SPECIALTY INSURANCE
COMPANY***